UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

David R. Errington, *as Successor Trustee*
*Of the Esther M. Sarchiz-Wyckoff Trust,*   Case No. 3:23-cv-1212

          Plaintiff,

   v.   MEMORANDUM OPINION
 AND ORDER

David A. Mills, *et al.*,

          Defendants.

## I. INTRODUCTION

On June 2, 2023, Plaintiff David R. Errington, as Successor Trustee of the Esther M. Sarchiz-Wyckoff Trust (the "Trust"), filed suit in the Wood County, Ohio Court of Common Pleas, Probate Division against Defendants David A. Mills and Citizens Bank, N.A., asserting various claims under Ohio law arising out of allegedly unauthorized withdrawals Mills made from the Trust's account with Citizens Bank. (Doc. No. 1-1). Citizens filed a notice of removal on June 19, 2023, on the basis of diversity jurisdiction. (Doc. No. 1).

Citizens then moved to dismiss Counts V and VI of the Complaint, in which Plaintiff asserts claims against Citizens for breach of fiduciary duty and negligence. (Doc. No. 5). Plaintiff filed a brief in opposition to the motion, (Doc. No. 7), and Citizens filed a brief in reply. (Doc. No. 8). Plaintiff contemporaneously filed a motion to remand this case to state court. (Doc. No. 6). Citizens opposed that motion. (Doc. No. 9). For the reasons stated below, I deny Plaintiff's motion to remand and grant Citizens' motion to dismiss.

## II. BACKGROUND

Esther M. Sarchiz-Wyckoff created the Trust on January 19, 2006.[1]  She restated the Trust on February 27, 2014, dividing the Trust assets at the time of her death equally among her four children: John Sarchiz, Janice Bari, David Mills, and Deborah Nelson.  A few years later, on May 9, 2016, Sarchiz-Wyckoff again restated the Trust, naming John and Janice as the sole beneficiaries.[2]

Another change came in September 2020, when Sarchiz-Wyckoff, Mills, and John met with Plaintiff and provided him with a "Letter of Instruction" from Sarchiz-Wyckoff, making certain changes to the Trust agreement, including making specific bequeaths to Sarchiz-Wyckoff's children (including Mills), grandchildren, and great-grandchildren.  (Doc. No. 1-1 at 12).  Sarchiz-Wyckoff restated the Trust for a final time on November 9, 2020, directing that the assets of an investment account at Citizens should be divided equally between Janice and John, while the residue of the Trust assets would be divided equally between John, Janice, and Mills.  (*Id.* at 16).  The Trust named Plaintiff as the Successor Trustee and authorized Plaintiff to act as Sarchiz-Wyckoff's agent through a financial power of attorney.

Around this time, Mills allegedly moved Sarchiz-Wyckoff out of the nursing home where she lived and into an apartment with him.  He also sought to establish a guardianship over Sarchiz-Wyckoff due to her impairments resulting from vascular dementia, though it is unclear from the Complaint whether a court in fact placed Sarchiz-Wyckoff under Mills' guardianship.

Then, in July 2021, Sarchiz-Wyckoff sold her house and deposited the proceeds in her Trust account with Citizens.  Over the next month, Mills withdrew at least $250,000 from the Trust

---

[1]  Unless otherwise noted, the factual allegations in this section are taken from pages 4 through 6 of the Complaint.  (*See* Doc. No. 1-1 at 4-6).

[2]  The Complaint indicates Deborah predeceased Sarchiz-Wyckoff but does not indicate when Deborah died.  (*Id.* at 4).  Sarchiz-Wyckoff passed away on July 9, 2022.

account. Plaintiff alleges Mills did not have the authority to withdraw this money under the terms of the Trust and that Citizens knew or should have known Mills did not have the authority to do so.

### III.   MOTION TO REMAND

Section 1441 permits the removal of "any civil action . . . of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removals under this provision are subject to what is known as the rule of unanimity: "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

Plaintiff argues Citizens' notice of removal was improper because it violated the rule of unanimity. (Doc. No. 6). Plaintiff contends Mills did not consent to removal at the time Citizens filed the notice of removal and further contends that Mills consented to the jurisdiction of the state court by filing his answer there after Citizens filed the notice of removal. Plaintiff's arguments are not persuasive.

The Sixth Circuit has recognized:

> [T]hree exceptions to the general rule that all defendants join or consent to the petition for removal[, which] exist when: (1) <u>the non-joining defendant has not been served with service of process at the time the removal petition is filed</u>; (2) the non-joining defendant is merely a nominal or formal party; and, (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c).

*Klein v. Manor Healthcare Corp.*, 19 F.3d 1433, 1994 WL 91786, at *3 n.8 (6th Cir. 1994) (unpublished table decision) (citation and quotation marks omitted) (emphasis added). *See also Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999) ("The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal.").

As Plaintiff concedes, Mills had not been served with the Complaint as of June 19, 2023 – the date on which Citizens filed the notice of removal.. Therefore, because Mills had not been served at the time of the removal, the rule of unanimity did not require Citizens to obtain his consent prior to filing the notice of removal. *See, e.g., Zambrano v. New Mexico Corr. Dep't*, 256 F. Supp. 3d 1179, 1182 (D. New Mex. 2017) ("A defendant's consent to removal is not necessary where he or she has not been served at the time another defendant filed its notice of removal.") (citing *Sheldon v. Khanal*, 502 F. App'x 765 (10th Cir. 2012)).

Nor could Mills undo the removal by filing his answer in the state court. Once the notice of removal was filed, the state court lost all jurisdiction over the case and lacked the authority to undertake any further proceedings. *See, e.g., Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 140 S. Ct. 696, 700 (2020).

Plaintiff fails to show the notice of removal was improper or that remand is appropriate. Therefore, I deny Plaintiff's motion.

### IV. MOTION TO DISMISS

Next, Citizens has filed a motion to dismiss Count V (breach of fiduciary duty) and Count VI (negligence). (Doc. No. 5). Citizens contends Ohio law does not impose a fiduciary duty on a bank except in limited circumstances and that Plaintiff's negligence claim is in fact a claim for a breach of the contractual duty of good faith. (Doc. No. 5-1 at 3-4; Doc. No. 8 at 5-6).

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual

4

inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In Count V, Plaintiff alleges Citizens "owed a duty of good faith and fair dealing to the Trust and its beneficiaries" and that it failed to "honor its fiduciary obligations." (Doc. No. 1-1 at 8).

Under Ohio law, "[a] 'fiduciary relationship' is one in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust." *In re Termination of Emp. of Pratt*, 321 N.E.2d 603, 609 (Ohio 1974). Banks do not owe fiduciary duties to customers or potential customers unless there are "special circumstances" warranting the imposition of a fiduciary duty. *See, e.g., Groob v. KeyBank*, 843 N.E.2d 1170, 1176 (Ohio 2006) (holding "when a bank and a prospective borrower are dealing at arm's length, a fiduciary duty does not exist unless special circumstances exist"); *Umbaugh Pole Bldg. Co. v. Scott*, 390 N.E.2d 320, 323 (Ohio 1979) ("The relationship of debtor and creditor without more is not a fiduciary relationship.").

Plaintiff argues that the Complaint contains allegations sufficient to establish the "special circumstances" required to create a fiduciary relationship.[3] (Doc. No. 7 at 2-3). Plaintiff alleges "[a]t the time of the withdrawals, [Sarchiz-Wyckoff] was 95 years old, diagnosed with dementia, and was not of sound mind or memory," and also that "[t]he contested withdrawals were procured during a time in which [Sarchiz-Wyckoff] was vulnerable and susceptible to undue influence." (Doc. No. 1-1 at 6). But while Plaintiff argues in his brief in opposition to the motion to dismiss that Citizens "obviously knew or should have known" of Sarchiz-Wyckoff's medical and mental health conditions, the Complaint does not contain any allegations to support that assumption. There is no

---

[3] Plaintiff also asserts Citizens "is not entitled to a defense of non-liability" under Ohio's Uniform Fiduciary Act, Ohio Revised Code § 5815.01, *et seq.* ("UFA"). (Doc. No. 7 at 3). But Citizens did not assert a UFA defense as a basis for dismissal; instead, Citizens contends Count V should be dismissed because Plaintiff has not plausibly alleged that Citizens had a fiduciary relationship with Sarchiz-Wyckoff. (Doc. No. 8 at 2, n.1). Therefore, I need not address this argument.

indication, for instance, when Sarchiz-Wyckoff was last in the bank, or who she may have met with while she was there. Plaintiff's conclusory allegations of Citizens' knowledge – made only in his brief in opposition and not in the Complaint itself – do not state a plausible claim for relief for the breach of a fiduciary duty.

In Count VI, Plaintiff alleges Citizens "had a duty to protect the Trust assets by ensuring that any withdrawals out of said account were initiated by an authorized signer" and that Citizens "fell below its standard of care by allowing" Mills to make withdrawals from the Trust account without appropriate authorization. (Doc. No. 1-1 at 9).

Plaintiff fails to state a claim for negligence as a matter of law. The relationship between the Trust and Citizens is a contractual one, arising out of the deposit agreement between the two parties. Under Ohio law, "the existence of a contract action generally precludes the opportunity to present the same as a tort claim," unless the plaintiff can establish the defendant owes a duty to the plaintiff "independently of the contract." *Hillier v. Fifth Third Bank*, 154 N.E.3d 1266, 1280 (Ohio Ct. App. 2020) (citations and quotation marks omitted).

Plaintiff has not identified a basis for any duty owed by Citizens outside of the parties' contractual relationship. Therefore, Plaintiff fails to state a plausible negligence claim and I grant Citizens' motion to dismiss Count VI as well.

## IV. Conclusion

For the reasons stated above, I deny Plaintiff's motion to remand, (Doc. No. 6), and grant Citizen's motion to dismiss Counts V and VI. (Doc. No. 5).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge

6